CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
APR 28 2006
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT WAYNE WALLING,<br>Plaintiff, | Civil Action No. 7:06cv00221 |
| v. | MEMORANDUM OPINION |
| BRISTOL SHERIFF, et al.<br>Defendants. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Plaintiff Robert Wayne Walling, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Walling alleges that the defendants failed to provide him with adequate medical care and have improperly housed him with "drunks" in violation of the Eighth Amendment. Walling seeks $100,000 in damages and his immediate release from custody. Upon review of the record, I conclude that the plaintiff has not stated a claim upon which relief can be granted and, therefore, dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

## I.

Walling alleges that on March 10, 2006, he began serving a nine year sentence in the Bristol, Virginia City Jail ("Jail"). When he reported to the Jail, he brought with him his personal medications which included various prescriptions for high blood pressure, heart disease, chronic lower back and leg pain, and gout. Although unclear, it appears that those medications were confiscated, but Walling admits alternative medications were prescribed to treat the aforesaid conditions.

On March 16, 2006, Walling alleges his "gout acted up." He claims that he made several written requests for medication to treat his gout or be taken to the hospital for a "shot," but claims

1

his requests were refused. However, Walling admits that on March 24, 2006, he was started on three additional medications to treat flare-up, and that within ten days all of his symptoms had subsided.

Walling also alleges that the institutional physician refuses to prescribe him with "Lortab" to treat his back and leg pain, even though his previous physician had prescribed Lortab to treat the pain and other inmates at the jail have been prescribed Lortab. Although he claims that the institutional physician refuses to personally discuss this complaint with him, he admits that the institutional physician reviewed his medial record and has prescribed numerous other medications to treat this and other medical conditions.

Walling further complains that he is being housed in the same cell block with inmates who have been arrested on charges of public drunkenness and driving under the influence. As a result, he claims that at night he is unable to get adequate rest because those inmates yell and shake the "bar doors till they pass out." He argues that the jail should provide a cell block devoted solely to those inmates with medical needs.

## II.

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988).

### A. Adequate Medical Care

Walling alleges that defendants have failed to provide him with prompt and adequate medical

care in violation of the Eighth Amendment. In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to evince that the defendant had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also, Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). "'A serious medical need' is 'one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Shelton v. Angelone, 183 F.Supp.2d 830, 840 (W.D.Va. 2002) (quoting Cox v. District of Columbia, 834 F.Supp. 439, 441 (D.D.C. 1992)). A claim regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment generally does not state a cognizable constitutional claim. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Moreover, claims of medical judgment are not subject to judicial review, and mere malpractice or negligence in treatment does not amount to a claim of constitutional significance. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975); Estelle, 429 U.S. at 105-06. Additionally, an inmate is not entitled to unqualified access to health care, rather the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977).

Walling alleges that the defendants changed his prescriptions without first discussing the change with him, failed to promptly or adequately treat his gout, and refuse to provide him with Lortab to treat chronic back and leg pain. However, he admits that within three days of his arrival at the Jail, institutional staff reviewed his medical records and prescribed medication to treat all of

3

his alleged medical conditions, including high blood pressure, heart disease, chronic back and leg pain, and gout. Further, he admits that within six days of complaining of his gout "acting up," he was prescribed three additional medications to treat his symptoms and all his pain was alleviated ten days thereafter. Accordingly, it is clear that defendants have acted promptly and thoroughly in continuing treatment of Walling's chronic medical conditions, as well as, in response to his complaints of new or more severe medical maladies. And, although Walling may be dissatisfied with his current treatment plan and changes in his previously prescribed medications, including the institutional physician's decision not to prescribe Lortab, this amounts to nothing more than a disagreement between medical staff and inmate as to a proper course of treatment, which is not actionable under the Eighth Amendment.

Additionally, to the extent that Walling believes that the institutional physician has failed to recognize or treat his medical needs, such disagreement does not rise to the level of a federal constitutional violation. Rather, such a claim would arise, if at all, under state medical malpractice laws and does not present a colorable claim under § 1983. See Estelle, supra, at 105-106.

As such, I find that Walling has failed to state a viable § 1983 claim for denial of adequate medical treatment. Accordingly, I find that these allegations must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**B. Housing Assignment**

Walling also alleges that he is improperly housed with inmates who are loud and/or drunk, and instead should be housed in a medical unit. To the extent this can be construed as an Eighth Amendment living conditions claim, it fails. While the Eighth Amendment does protect

4

prisoners from cruel and unusual living conditions, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). As a result, in order to state a claim of constitutional significance regarding prison conditions, a plaintiff must demonstrate not only that the living conditions violated contemporary standards of decency, but also that prison officials acted with deliberate indifference to such conditions. Wilson v. Seiter, 501 U.S. 294 (1991). Moreover, plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993). While being housed in with inmates who are drunk and/or rambunctious at night may be inconvenient and unfortunate, Walling has not demonstrated that, because of the conditions, he has sustained a serious or significant injury or is at risk of a future injury. See White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993). Accordingly, Walling has failed to state a constitutional claim under the Eighth Amendment.

## III.

Based on the foregoing, I find that Walling has not presented any claims that constitute a violation of his constitutional rights. Therefore, I dismiss the complaint without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the

5

Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

**ENTER:** This 28th day of April, 2006.

/s/ Jackson L. Kiser
Senior United States District Judge